The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 13, 2019, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: November 13, 2019



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 18-15131 |
| | ) | |
| CHRISTOPHER SCOTT BARKSDALE, | ) ) ) | Chapter 7 |
| | ) | Judge Arthur I. Harris |
| Debtor. | ) | |

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the debtor's motion for an order of contempt stemming from American National Bank's and Asset Recovery Services's attempted repossession of the debtor's vehicle in violation of the automatic stay. For the reasons that follow, the Court denies the debtor's motion for an order of contempt because the debtor has failed to demonstrate damages caused by American National Bank's and Asset Recovery Services's violation of the automatic stay compensable under 11 U.S.C. § 362(k).

---

[1] This Opinion is not intended for official publication.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## PROCEDURAL HISTORY

On August 24, 2018, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (Docket No 1). On March 22, 2019, the debtor voluntarily converted his case from Chapter 13 to Chapter 7 (Docket No. 46).

On August 8, 2019, the debtor filed a document titled as an *ex parte* request for a restraining order (Docket No. 59). By separate order, the Court construed the document as a motion for an order of contempt against American National Bank and Asset Recovery Services (Docket No. 60). In that same order, the Court also requested that the debtor file a supplement by September 10, 2019, that included more information such as details of the repossession efforts, copies of any letters or notices received regarding default, and copies of any notice provided to creditors of the pending bankruptcy case. The debtor did not file a supplement. On September 16, 2019, American National Bank filed a response to the debtor's motion (Docket No. 64).

On September 24, 2019, the Court held a hearing on the debtor's motion and American National Bank's response. The Court gave the debtor until October 8, 2019, to file an itemized list of damages and gave American National Bank until October 22, 2019, to file any response (Docket No. 65). The debtor filed his supplement on October 3, 2019 (Docket No. 67), and American National Bank filed its response on October 11, 2019 (Docket No. 68). The Court then took the matter under advisement.

FINDINGS OF FACT

On or about August 2, 2019, American National Bank sent Asset Recovery Services to repossess the debtor's vehicle at his home. When Asset Recovery Services arrived to repossess the vehicle, the debtor informed the recovery team that he still had an active bankruptcy case. Asset Recovery Services terminated its attempt to recover the vehicle.

When Asset Recovery Services reported to American National Bank that the debtor had an active bankruptcy case, American National Bank informed Asset Recovery Services that it had obtained relief from the automatic stay in the debtor's bankruptcy case. On or about August 5, 2019, Asset Recovery Services again attempted to recover the vehicle from the debtor. The debtor again gave the recovery team notice of the bankruptcy case, and Asset Recovery Services terminated its attempt to recover the vehicle.

3

After the second repossession attempt, American National Bank realized that it mistakenly believed it had obtained relief from the automatic stay. American National Bank then ceased its efforts to repossess the debtor's vehicle. Ultimately, the debtor's vehicle was never repossessed.

On August 8, 2019, the debtor filed a document titled as an *ex parte* request for a restraining order. The Court construed the document as a motion for an order of contempt against American National Bank and Asset Recovery Services.

DISCUSSION

In the debtor's supplement filed on October 3, 2019, the debtor asserts that American National Bank's actions violate various criminal and tort laws (Docket No. 67). The Court will not analyze the merit of or decide jurisdiction for any of the claims asserted by the debtor under nonbankruptcy law in this memorandum of opinion. The Court denies those claims without prejudice to pursuing an action on those claims in state court and/or through an adversary proceeding with this Court. 28 U.S.C. §§ 157 and 1334. Fed R. Bankr. P. 7001; *see In re Ballard*, 502 B.R. 311, 323 (Bankr. S.D. Ohio 2013) (explaining that claims asserting violations of the automatic stay do not require an adversary proceeding under Rule 7001), *aff'd*, *United States v. Ballard*, No. 3:13-cv-400 (S.D. Ohio Sept. 26, 2014).

The Court may impose damages for violations of the automatic stay under 11 U.S.C. § 362. The filing of a bankruptcy petition gives rise to the automatic

4

stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Subsection 362(k)(1) provides:

> an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Thus, under 11 U.S.C. § 362(k)(1), the individual seeking damages has the burden of establishing three elements by a preponderance of the evidence: (1) the actions taken were in violation of the automatic stay; (2) the violation was willful; and (3) the violation caused actual damages. *Mitchell v. Anderson (In re Mitchell)*, 545 B.R. 209, 220 (Bankr. N.D. Ohio 2016). Under § 362(k), damages must be proven with reasonable certainty and cannot be based on conjecture or speculation. *See Archer v. Macomb Cnty. Bank (In re Archer)*, 853 F.2d 497, 499–500 (6th Cir. 1988).

A creditor willfully violates the stay if the creditor knows of the stay and violates the stay with an intentional act. *See Transouth Fin. Corp. v. Sharon (In re Sharon)*, 234 B.R. 676, 687–88 (B.A.P. 6th Cir. 1999) (upholding a bankruptcy court's imposition of damages against a creditor that refused to return a repossessed car postpetition); *see also Grine v. Chambers (In re Grine)*, 439 B.R. 461, 466 (Bankr. N.D. Ohio 2010). "A 'willful violation' does not require proof of a specific intent to violate the stay, but rather 'an intentional violation by a party

5

aware of the bankruptcy filing.' " *Baer v. HSBC Auto a/k/a/ Santander USA Consumer USA (In re Baer)*, No. 10-2062, 2011 WL 3667511, at *4 (Bankr. E.D. Ky. Aug. 22, 2011) (quoting *In re Sharon*, 234 B.R. at 687).

The debtor appears to have met his burden of establishing the first two elements by a preponderance of the evidence. American National Bank and Asset Recovery Services took actions that were in violation of the automatic stay when American National Bank sent Asset Recovery Services twice to recover the debtor's vehicle. In addition, despite American National Bank's mistaken belief that it had obtained relief from stay, American National Bank knew of the debtor's bankruptcy filing, and thus its attempt to repossess the vehicle was willful.

But the debtor fails to meet his burden of establishing the third element— that the violation caused actual damages—by a preponderance of the evidence. The debtor does not allege that he suffered any actual damages, as the car was never actually repossessed by Asset Recovery Services or American National Bank. Aside from the damages related to the tort and criminal law allegations that the Court will not address, the debtor's only alleged damages are that Asset Recovery Services entered the debtor's property to repossess the vehicle and intimidated the debtor and his family.

There is some controversy as to whether emotional damages can be recovered under § 362(k). *Compare Cousins v. CitiFinancial Mortg. Co. (In re*

6

*Cousins)*, 404 B.R. 281, 290 (Bankr. S.D. Ohio 2009), *and United States v. Harchar*, 331 B.R. 720, 728 (N.D. Ohio 2005), *with Bankers Healthcare Grp., Inc. v. Bilfield (In re Bilfield)*, 494 B.R. 292, 303–04 (Bankr. N.D. Ohio 2013); *see also Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1269–71 (11th Cir. 2014). However, pursuant to *United States v. Harchar*, a decision that is arguably binding on this Court, emotional damages are not compensable for violations of the automatic stay. *Harchar*, 331 B.R. at 728. While the Court is sympathetic to the emotional consequences caused by an attempted repossession and does not condone the actions of American National Bank, the law does not permit recovery for the intimidation that the debtor felt as a result of the stay violation. Therefore, because the debtor has only alleged emotional damages, the debtor has failed to establish the third element by a preponderance of the evidence.

Even if the Court were to permit emotional damages for violations of the automatic stay, the debtor presented insufficient evidence that he suffered more than "fleeting and inconsequential distress, embarrassment, humiliation, and annoyance" as a result of American National Bank's and Asset Recovery Services's actions. *In re Hedetneimi*, 297 B.R. 837, 842 (Bankr. M.D. Fla. 2003); *see In re Cousins*, 404 B.R. at 290–91. The Court provided the debtor with additional time following the hearing to file an itemized list of damages resulting from American National Bank's actions. But in the debtor's supplement, the

7

debtor fails to itemize any damages—economic or noneconomic—that he suffered. Therefore, the debtor has not sufficiently documented his damages, even if an award of emotional damages were permitted.

## CONCLUSION

For the reasons stated above, the Court denies the debtor's motion for an order of contempt because the debtor has failed to demonstrate damages caused by American National Bank's and Asset Recovery Services's violation of the automatic stay compensable under 11 U.S.C. § 362(k).

IT IS SO ORDERED.