*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 20b0007n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: CHRISTOPHER SCOTT BARKSDALE,

　　　　　　　　　　　　　　*Debtor.*

No. 20-8008

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Cleveland.
No. 1:18-bk-15131—Arthur I. Harris, Judge.

Decided and Filed: August 28, 2020

Before: CROOM, MASHBURN, and WISE, Bankruptcy Appellate Panel Judges.

_____

**LITIGANT**

**ON BRIEF:** Christopher Scott Barksdale, Cleveland, Ohio, pro se.

_____

**OPINION**

_____

TRACEY N. WISE, Chief Bankruptcy Appellate Panel Judge. Christopher Scott Barksdale ("Debtor"), *pro se*, filed this appeal from the bankruptcy court's order denying his Motion to Reopen the Case for Determination of Dischargeability of Debt (the "Motion to Reopen"). Debtor sought reopening to avoid a tax lien against his real property under § 522(f)[1] and require a secured creditor to release its lien against his vehicle. The bankruptcy court denied the Motion to Reopen. For the reasons set forth below, we AFFIRM.

---

[1]Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

**ISSUE ON APPEAL**

Debtor argues that the bankruptcy court erred because his claimed exemptions discharged the liens against his vehicle and real property, and he may avoid the tax lien against his real property under § 522(f).

**JURISDICTION AND STANDARD OF REVIEW**

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and no party timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6) and (c)(1). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501, 135 S. Ct. 1686 (2015)). The bankruptcy court's order denying a debtor's motion to reopen his bankruptcy case is a final and appealable order. *Smyth v. Edamerica, Inc.* (*In re Smyth*), 470 B.R. 459, 461 (B.A.P. 6th Cir. 2012) (citation omitted).

Decisions regarding the reopening of a bankruptcy case are left to the sound discretion of the bankruptcy court. *Id.* "[T]he reviewing court should not set aside the bankruptcy court's decision absent an abuse of discretion." *Id.* "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Gourlay v. Sallie Mae, Inc.* (*In re Gourlay*), 465 B.R. 124, 126 (B.A.P. 6th Cir. 2012) (quoting *Auletta v. Ortino* (*In re Ferro Corp. Derivative Litig.*), 511 F.3d 611, 623 (6th Cir. 2008)). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000) (citation omitted).

**FACTS**

Debtor filed his chapter 13 case, *pro se*, on August 24, 2018. Debtor scheduled real property located at 3640 East 154th Street, Cleveland, Ohio, 44120 (the "Real Property"). In his

schedules, Debtor listed a $1,925 debt for real estate taxes owed to Cuyahoga County (the "County"), which he later amended to $3,740. Debtor also listed a $3,902 car loan owed to American National Bank (the "Bank") secured by a Honda Civic (the "Vehicle") with a fair market value of $2,000. Debtor claimed exemptions under Ohio state law in the Real Property and the Vehicle.

Debtor voluntarily converted the case to chapter 7 on March 22, 2019. He filed a Statement of Intention to retain the Vehicle but did not reaffirm or redeem the Vehicle. Debtor received a chapter 7 discharge, and the case was closed on December 10, 2019.

Three months later, Debtor filed his Motion to Reopen. Debtor contended that the Bank's lien against the Vehicle was discharged and must be released because the Bank failed to object to the Statement of Intention. Debtor also argued that the taxes owed to the County assessed one year before the petition date were discharged under § 507, which also discharged any *in rem* claim against the Real Property. Upon review of the Motion to Reopen, the bankruptcy court sought clarification from Debtor, and issued an order stating:

> Under Section 350 of the Bankruptcy Code, the court may reopen a bankruptcy case for cause. The court cannot tell from the pro se debtor's motion whether cause exists to reopen this case. While the granting of a discharge generally relieves the debtor from any personal liability for prepetition debts, secured creditors are generally free to pursue actions against their collateral after a bankruptcy case has been concluded. For example, a car lender with a lien on a vehicle may repossess the vehicle for nonpayment. And unpaid property taxes remain as a lien against real property even if the debtor is no longer personally liable. Nor does a debtor's claim of exemption affect consensual liens or tax liens. Accordingly, the court will give the debtor until March 13, 2020, to file a supplemental brief in support of his motion, explaining more specifically the cause that justifies reopening his case.

(ECF No. 75 (changed capitalization).)**[2]**

Debtor filed a supplemental brief arguing that res judicata and collateral estoppel prohibit the Bank from collection actions against the Vehicle because its lien was discharged. Debtor also argued that he may avoid the Bank and County's liens under § 522(f) because his

---

**[2]**All record citations, unless otherwise indicated, come from Debtor's bankruptcy case, Chapter 7 Case No. 18-15131 (Bankr. N.D. Ohio).

exemptions in the Vehicle and the Real Property exceed the value of their respective liens. Following receipt of the supplemental brief, the bankruptcy court denied the Motion to Reopen, and set out its reasoning in an order as follows:

> As the court explained earlier, secured creditors are generally free to pursue actions against their collateral after a bankruptcy case has been concluded despite the debtor's discharge of personal liability from most prepetition debts. Nor does a debtor's claim of exemption affect consensual liens or tax liens. Section 522(f) of the Bankruptcy Code permits a debtor to avoid judicial liens, which do not include consensual liens (such as the lien held by [the Bank] on the Debtor's vehicle) or liens imposed by delinquent real property taxes (such as the lien held by [the County] on the Debtor's Real Property).

(ECF No. 79 (changed capitalization)). Debtor appeals from this order.

## DISCUSSION

The Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *see also* Fed. R. Bankr. P. 5010 (setting forth the procedure for reopening cases). The movant has the burden of proving that cause exists. *Rosinski v. Boyd* (*In re Rosinski*), 759 F.2d 539, 542 (6th Cir. 1985). "[M]otions to reopen are decided on a case-by-case basis" after the bankruptcy court weighs the equities of the case. *In re Jenkins*, 330 B.R. 625, 628 (Bankr. E.D. Tenn. 2005) (citation omitted). A bankruptcy case should not be reopened "if doing so would be futile." *Id.* (citation omitted); *see also Zirnhelt v. Madaj* (*In re Madaj*), 149 F.3d 467, 472 (6th Cir. 1998) (explaining that a case will not be reopened where the reopening will have "no effect"). Additionally, a bankruptcy court need not reopen a bankruptcy case "where reopening would not result in a 'sensible allocation of judicial resources.'" *Booth v. Nat'l City Bank* (*In re Booth*), 242 B.R. 912, 916 (B.A.P. 6th Cir. 2000) (quoting *In re Yoder Co.*, 158 B.R. 99, 101 (Bankr. N.D. Ohio 1993)).

## I.    Exemptions Do Not Discharge Tax or Consensual Liens.

Debtor argues that the Bank's lien on the Vehicle and the County's lien on the Real Property were discharged because he claimed exemptions in these assets. A chapter 7 discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal

liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). However, a "bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem.*" *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S. Ct. 2150, 2154 (1991). A "[c]hapter 7 bankruptcy discharge does not, in and of itself, discharge a creditor's lien." *In re Johnson*, 439 B.R. 416, 428 (Bankr. E.D. Mich. 2010). "And actions that merely seek to enforce a creditor's surviving lien are not considered to be actions to collect a debt 'as a personal liability of the debtor' within the meaning of the § 524(a)(2) discharge injunction." *Id.* (citing 11 U.S.C. § 524(a)(2)).

Debtor claimed exemptions under Ohio's exemption statute (Ohio Rev. Code Ann. § 2329.66), but this statute does not "[i]mpair a lien for the payment of taxes, debts, or other obligations owed to this state or any agency or political subdivision of this state" for a debtor's residence. Ohio Rev. Code Ann. § 2329.661(A)(4). Thus, the County's lien against the Real Property survives despite Debtor's claimed exemption. Additionally, the exemption statute does not affect or invalidate a consensual lien, such as the Bank's lien against the Vehicle. *See* Ohio Rev. Code Ann. § 2329.661(C) ("Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract of sale, conditional sale, security interest, or pledge of any personal property, or any lien created thereby."); *see also In re Smith*, 92 B.R. 287, 292 (Bankr. S.D. Ohio 1988) (stating that "consensual liens have priority" over exemptions under Ohio law).

Accordingly, the bankruptcy court correctly concluded that Debtor's claim of exemptions and his discharge did not affect the Bank and the County's liens, and those creditors may pursue collection attempts against their collateral. Reopening Debtor's case based on this argument would be futile because the bankruptcy court could not offer any relief to Debtor.

## II.    Debtor Cannot Avoid a Statutory Lien Under § 522(f).

Debtor also argues that he may avoid the County's lien for property taxes under § 522(f)(1), which enables debtors to avoid judicial liens that impair a debtor's exemptions in their property.[3] A "judicial lien" is a "lien obtained by judgment, levy, sequestration, or other

---

[3]Although Debtor argued in the bankruptcy court that § 522(f) allows him to avoid the Bank's lien against the Vehicle, he did not pursue this argument on appeal.

legal or equitable process or proceeding." 11 U.S.C. § 101(36). In contrast, a "statutory lien" is a "lien arising solely by force of a statute on specified circumstances or conditions[.]" 11 U.S.C § 101(53). Real property tax liens are statutory liens, not judicial liens. *See In re Pace*, 569 B.R. 264, 269 (B.A.P. 6th Cir. 2017) (describing a tax lien as a "statutory lien"); *In re McConnaughey*, 147 B.R. 433, 435 (Bankr. S.D. Ohio 1992) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 314 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 27 (1978)) (stating that "[t]ax liens are … included in the definition of statutory lien"). Section 522(f) "does not permit the avoidance of statutory liens." *In re Russell*, No. 11-52475, 2016 Bankr. LEXIS 2658, at *3 (Bankr. N.D. Ohio July 20, 2016). Accordingly, the bankruptcy court correctly concluded that § 522(f) does not allow Debtor to avoid the County's statutory tax lien against the Real Property, and cause did not exist to reopen the case under this argument.[4]

## CONCLUSION

For the reasons stated, the bankruptcy court's order denying Debtor's Motion to Reopen is AFFIRMED.

---

[4]Debtor's remaining arguments either emanate from his exemption/avoidance arguments or are incomprehensible to the Panel. Accordingly, these arguments are not addressed by the Panel. *Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 441 (6th Cir. 2002) (holding that "perfunctory and undeveloped arguments" are waived on appeal) (internal quotation marks and citation omitted).